**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2012

Lyle W. Cayce
Clerk

No. 11-51003
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR HERRERA-DELGADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1594-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Herrera-Delgado (Herrera) appeals the 46-month sentence imposed following his guilty plea conviction of illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). Herrera argues that although the sentence is within the guidelines range of 46 to 57 months of imprisonment, the Guidelines that govern illegal reentry offenses lack an empirical foundation and therefore the appellate presumption of reasonableness that applies to within-guidelines sentences should not apply. He further argues that his sentence is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable because it is greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a), as the guidelines calculations double counted his criminal history and the sentence does not take into account his personal history and characteristics.

Herrera correctly concedes that his argument regarding the appellate presumption of reasonableness is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (2009), which held that the possibility of unjust sentences does not give this court authority to overturn the appellate presumption of reasonableness that applies to within-guidelines sentences. *See also United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009) (determining that *Kimbrough v. United States*, 552 U.S. 85 (2007), "does not require discarding the presumption [of reasonableness] for sentences based on non-empirically-grounded Guidelines").

Herrera's challenge to the substantive reasonableness of his sentence is reviewed under the abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The argument that a sentence is unreasonable because the Guidelines governing illegal reentry offenses result in double counting of a prior criminal conviction has been rejected by this court. *See Duarte*, 569 F.3d at 529-31 & n.2. Also, Herrera's argument is essentially that this court second guess the district court's assessment of the § 3553(a) factors, which this court does not do. *See Cisneros-Gutierrez*, 517 F.3d at 767. Moreover, the sentencing decision reflects an individualized assessment based upon the facts that were presented in the district court and after consideration of § 3553(a) factors. *See Gall*, 552 U.S. at 49-51. Herrera's arguments do not overcome the presumption of reasonableness that applies to his within-guidelines sentence. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

The district court's judgment is AFFIRMED.